<div style="color:red; text-align:center">Corrected</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0134V

| | |
|---|---|
| NORMAN MICHAUD,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2025 |

*Anthony Kirby Ferguson, Fales & Fales, P.A.,* Lewiston, ME, for Petitioner.

*Rachelle Bishop, U.S. Department of Justice,* Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 9, 2022, Norman Michaud filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") resulting from an influenza vaccine received on November 7, 2020. Petition at 1. On January 30, 2025, I issued a decision awarding damages following briefing and Expedited Motions Day argument by the parties. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $48,416.95 (representing $46,473.75 for attorney's fees and $1,943.20 for attorney costs). Petitioner Application for Attorneys' Fees, filed Apr. 13, 2025, ECF No. 54. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $23.00 in out-of-pocket expenses. ECF No. 54-3.

Respondent reacted to the motion on April 21, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 55. Petitioner has not filed a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Although this is Mr. Ferguson's first, and to date only, vaccine case, his requested hourly rate ($425.00) is appropriate, when compared to rates previously paid to other attorneys in his same location – determined to be non-forum. *E.g. Dubay v. Sec'y of Health & Hum. Servs.,* No. 18-0340V, 2023 WL 5791853 (Fed. Cl. Spec. Mstr. July 27, 2023). Being barred in 1983, Mr. Ferguson has extensive overall legal experience, and he performed quality work in this case.

Similarly, the paralegal rate requested in this case ($170.00) – for both the paralegal who worked on the case, and Mr. Ferguson when performing work not requiring attorney expertise also is appropriate. *E.g.,* ECF No. 54-1 at 6 (two entries dated 9/22/22). And Petitioner correctly billed Mr. Ferguson's travel time at one-half his usual hourly rate. *Id.* at 20.

However, there are a few additional tasks performed by Mr. Ferguson that should have been billed using the paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $357.00.[4]**

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Motion for Ruling on the Record, filed Sept. 26, 2023, ECF No. 40; Petitioner's Reply to Respondent's Response to Petitioner's Brief in Support of Damages, filed Dec. 11, 2023, ECF No. 42. Petitioner's counsel expended approximately 21.3 hours drafting the brief and 7.4 hours drafting the responsive damages brief, for a

---

[3] These entries, drafting basic documents such as an exhibit list, cover sheet, and statement of completion, are dated as follows: 3/14/22, 11/17/22, 11/18/22, 3/27/23, and 9/26/23. ECF No. 54-1 at 5, 9, 13, 17.

[4] This amount consists of ($425 - $170) x. 1.4 hrs. = $357.00.

3

combined total of 28.7 hours. ECF No. 54-1 at 16-18. I find this amount of time to be reasonable and will award the attorney's fees requested.

## ATTORNEY AND PETITIONER COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 54-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 55.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$48,059.95 (representing $46,116.75 for attorney's fees and $1,943.20 for attorney costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

        **s/Brian H. Corcoran**
        Brian H. Corcoran
        Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.